**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| Kimmalee Dy, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | )   Civil Action No. |
| v. | )   23—10608-NMG |
| | ) |
| Antony Blinken, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

GORTON, J.

Plaintiffs Kimmalee Dy ("Dy") and Chabith Yib ("Yib") (collectively, "plaintiffs") filed this lawsuit seeking an order compelling the federal government to adjudicate an immigrant visa petition that Dy, an American citizen, filed on behalf of Yib, a Cambodian citizen.

Specifically, pursuant to the Administrative Procedure Act, 5 U.S.C. §701 et seq. ("APA") and the Mandamus Act, 28 U.S.C. §1361, they seek an order compelling the U.S. Citizenship & Immigration Service ("USCIS") promptly to review Yib's visa petition and, if it is returned to the Department of Stat ("DOS"), order that Department promptly to act on the returned petition. Plaintiffs seek damages as well as reasonable costs

-1-

and attorneys fees.  Defendants, all of whom are federal

government officials, filed a motion to dismiss for lack of

jurisdiction pursuant to Fed. R. Evid. Rule 12(b)(1) (Docket No.

6).[1]

## I.   **Background**

According to the complaint, Yib is a citizen of Cambodia

and married Dy in Cambodia in January, 2019.  After Dy returned

to the United States, she filed a visa petition with USCIS on

behalf of Yib.  That application was approved in September, 2019

and sent to DOS for processing.  DOS declined to issue Yib a

visa following an interview with him at the U.S. embassy in

Phnom Penh, Cambodia in November, 2020 because it was "[u]nable

to demonstrate [a] bona fide relationship," and, accordingly,

returned the case to the USCIS.

Yib's petition remained with the USCIS until plaintiffs

filed the present complaint in March, 2023.  Plaintiffs ask this

Court to order USCIS to review Yib's application promptly or, if

the case is sent back to DOS, order that Department promptly to

act on the petition.  They claim that under 5 U.S.C. § 706(1) of

the APA ("Section 706(1)"), this Court may compel federal agency

---

[1] As described in the complaint, Antony Blinken serves as the United States
Secretary of State, Alejandro Mayorkas serves as the Secretary of the
Department of Homeland Security, Ur Mendoza Jaddou serves as Director of the
USCIS and John M. Allen serves as Director of the USCIS Texas Service Center.
USCIS is an agency within the Department of Homeland Security.

-2-

action when it is "unlawfully withheld or unreasonably delayed," and, under the Mandamus Act, may compel federal officials to perform a duty owed to the plaintiffs.

In their motion to dismiss, defendants first note that USCIS reaffirmed its prior approval in May, 2023 and returned the matter to DOS for further processing.  They argue that plaintiffs' claims against USCIS officials are therefore moot. Because DOS only recently received Yib's petition again, plaintiffs' claim is not ripe because there has been no "unreasonable delay" under Section 706(1).  Finally, defendants assert that this Court lacks jurisdiction over plaintiffs' claims because, under the doctrine of consular non-reviewability, a court may not review a consular officer's decision to deny a visa.

## II.  Legal Standard

To survive a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), plaintiff bears the burden of establishing that the Court has jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  If defendant mounts a "sufficiency challenge", the court will assess the sufficiency of plaintiff's jurisdictional allegations by construing the complaint liberally, treating all well-pled facts as true and drawing all reasonable inferences in plaintiff's

-3-

favor. <u>Valentin</u> v. <u>Hospital Bella Vista</u>, 254 F.3d 358, 363 (1st Cir. 2001).

If, however, the defendant advances a "factual challenge" by controverting the accuracy, rather than the sufficiency, of the alleged jurisdictional facts, "plaintiff's jurisdictional averments are entitled to no presumptive weight" and the court will consider the allegations by both parties and resolve the factual disputes. <u>Id.</u>  The court has "broad authority" in conducting the inquiry and can, in its discretion, consider extrinsic evidence in determining its own jurisdiction. <u>Id.</u> at 363-64.

## III. **Application**

### A. **Consular non-reviewability**

Defendants claim the doctrine of consular non-reviewability precludes judicial review of plaintiffs' claims.  Generally, a court may not review a consular officer's decision to deny a visa to an individual. <u>See</u> <u>Chiang</u> v. <u>Skeirik</u>, 582 F.3d 238, 242 (1st Cir. 2009).  While an exception exists when a visa denial infringes on the constitutional rights of a United States citizen, that exception does not apply where, as here, the visa denial was based on a "facially legitimate and bona fide reason." <u>Kleindienst</u> v. <u>Mandel</u>, 408 U.S. 753, 770 (1972); <u>see</u> <u>Chiang</u>, 582 F.3d at 243 ("District courts have no authority or

-4-

jurisdiction to go behind the facial reason to determine whether
it is accurate-for example, because the marriage would not be
recognized.").

However, courts have recognized that the doctrine is
inapplicable where plaintiffs "do not seek judicial review of a
consular decision, but instead seek a final decision on their
applications." Didban v. Pompeo, 435 F. Supp. 3d 168, 174
(D.D.C. 2020) (citation omitted).  In the case at bar,
plaintiffs do not ask this Court to compel the government to
grant Yib's visa petition but rather to compel it to take some
action in a prompt manner and provide an explanation for that
action.  Plaintiffs' request does not offend the doctrine of
consular non-reviewability.

**B. Mootness**

Defendants argue that plaintiffs' claim against the USCIS
defendants is moot because USCIS reviewed Yib's petition a
second time and returned it to DOS.  This Court agrees.

A case is moot "when the issues presented are no longer
'live' or the parties lack a legally cognizable interest in the
outcome." Matt v. HSBC Bank USA, N.A., 783 F.3d 368, 372 (1st
Cir. 2015) (citation omitted).  Voluntary cessation only moots a
case when it is "absolutely clear that the allegedly wrongful
behavior could not reasonably be expected to recur." Adarand

<u>Constructors, Inc.</u> v. <u>Slater</u>, 528 U.S. 216, 222 (2000) (emphasis in original) (citation omitted).

In the case at bar, plaintiffs have provided no reason to believe that USCIS could somehow reverse its decision. Given the nature of the visa petition, this Court cannot justifiably find that the alleged wrongful behavior is likely to recur. As the defendants note, sessions of this Court have repeatedly dismissed this kind of claim as moot. <u>See</u>, <u>e.g.</u>, <u>Jean</u> v. <u>Garland</u>, 636 F. Supp. 3d 221, 223 (D. Mass. 2022). Plaintiffs' claims against Department of Homeland Security and USCIS officials Alejandro Mayorkas, Ur Mendoza Jaddou and John M. Allen will be dismissed as moot.

**C. Ripeness**

Defendants finally argue that the claim against DOS is not ripe because that Department just received Dy's visa petition. Accordingly, there cannot yet be an "unreasonable delay" under Section 706(1).

This Court disagrees. This action would not be ripe if the petition remained with the USCIS but the petition is now with DOS and therefore no longer depends on contingent future events. <u>See</u> <u>In re Fin. Oversight & Mgmt. Bd. for P.R.</u>, 9 F.4th 1, 8 (1st Cir. 2021). While plaintiffs' claim may fail on the merits if a finder of fact determines that there has been no unreasonable

-6-

delay, that does not foreclose this Court's subject matter jurisdiction. See Am. Oversight v. U.S. Dep't of Veterans Affs., 498 F. Supp. 3d 145, 156-57 (D.D.C. 2020) (denying Rule 12(b)(1) motion on ripeness grounds because, with respect to a Section 706(1) claim, "the facts required to decide [d]efendants' ripeness challenge are the same facts relevant to the merits of [p]laintiffs' claims"); Hyatt v. United States PTO, 110 F. Supp. 3d 644, 654 (E.D. Va. 2015) ("To hold, as defendants urge, that plaintiff's claim that the examination of his [] applications has been unreasonably delayed is unripe because that examination is still ongoing would render the 'unreasonable delay' provision of §706(1) completely meaningless.").

Defendants may argue that plaintiffs' complaint has not alleged facts sufficient to state a plausible claim for unreasonable administrative delay but that is only justiciable under Fed. R. Civ. P. 12(b)(6), not 12(b)(1).  Accordingly, defendants' motion to dismiss will be denied, without prejudice.

**ORDER**

For the reasons set forth above, defendants' motion to

dismiss (Docket No. 6) is:

    a) with respect to defendants Alejandro Mayorkas, Ur
       Mendoza Jaddou and John M. Allen, **ALLOWED**, and those
       defendants are dismissed from this case; but

    b) with respect to defendant Antony Blinken, **DENIED**
       without prejudice.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated:  November 28, 2023

-8-